IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JUAN VALLADARES, )
)
    Petitioner, )
)
v. ) Case No. CIV-09-1022-D
)
DEBBIE L. MORTON, )
)
    Respondent. )

**REPORT AND RECOMMENDATION**

The Petitioner, Mr. Juan Valladares, is an Oklahoma prisoner who was convicted of disciplinary charges while in prison. Unable to obtain administrative relief, Mr. Valladares seeks a writ of habeas corpus based on the failure by the Department of Corrections to carry out its own policies. The Respondent urges dismissal, arguing that the Petitioner had not exhausted available remedies in state district court. The Respondent's argument is misguided because the state judicial remedy is not available for the Petitioner's claim. However, the claim is invalid as a matter of law. Thus, the Court should overrule the motion to dismiss but deny habeas relief on the merits.

I.     Background

On April 15, 2009, prison officials confiscated items from Mr. Valladares and charged him with disciplinary infractions. *See* Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody, Exhibits A-B (Sept. 17, 2009) ("Petition"). Authorities stated that a hearing would be conducted by April 27, 2009. *See* Petition, Exhibits A-B. Mr.

Valladares requested assistance from a staff representative at the hearing because he had difficulty understanding and speaking English. *See id.* The promised hearing was not held.[1]

On July 15, 2009, authorities refiled the disciplinary charges by copying the old reports and inserting a new date. *Compare* Petition, Exhibits A-B, *with* Petition, Exhibits O-P; *see* Motion to Dismiss, Exhibit 4 at p. 7. Authorities conducted a hearing on July 22, 2009, providing Mr. Valladares with a staff representative and ultimately finding him guilty. *See* Petition, Exhibits C, M. The Petitioner pursued an administrative appeal. Petition, Exhibits C-L. When the appeal proved unsuccessful, Mr. Valladares sued in federal district court. *See* Petition at p. 7; Petitioner's Reply to Respondent's Response at p. 3 (Nov. 13, 2009) ("Petitioner's Response").

In the habeas petition, Mr. Valladares presents three grounds for relief. In grounds one and three, the Petitioner argues that prison officials:

- failed to hold a hearing within seven days of the incident report, as required by prison policy and

- attempted to circumvent the policy by generating "new" reports, which were "never investigated or approved."

Petition at pp. 4-5, 8. In ground two, the Petitioner complains about an administrative ruling which prohibited his staff representative from reading aloud a written statement. *Id.* at pp. 4-6.

---

[1] A prison official stated that the original misconduct charges had been misplaced and that authorities had encountered confusion over who was processing the documents. Respondent's Motion to Dismiss and Brief in Support, Exhibit 4 at p. 7 (Oct. 16, 2009) ("Motion to Dismiss").

The Respondent urges dismissal, arguing that Mr. Valladares had failed to exhaust the state judicial remedy. Motion to Dismiss at pp. 3-5. In response, Mr. Valladares argues that no state remedy was available for exhaustion of the claims involving violation of prison policy. Petitioner's Response at pp. 2-3. Mr. Valladares is correct, but the Court should deny these claims because they would not provide a basis for habeas relief.

II. The Respondent's Exhaustion Argument

The Petitioner has claimed violation of prison policies through a failure to conduct a hearing within seven days of the incident report, circumvention of the policy through the recycling of an old incident report without further investigation or approval, and refusal to allow the staff representative to read a statement aloud in the hearing.

Under 28 U.S.C. § 2241, the Petitioner must exhaust state remedies on his claims.[2] Under Oklahoma law, the Petitioner had an available judicial remedy under Okla. Stat. tit. 57 § 564.1. This statute required Mr. Valladares to seek judicial review within 90 days of his notification regarding the final decision on his administrative appeal.[3]

---

[2] *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies." (citation omitted)).

[3] *See* Okla. Stat. tit. 57 § 564.1(A)(1); *see also Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (stating that Oklahoma law "demands . . . inmates to petition state courts for review within 90 days after the inmate is notified of ODOC's final decision").

The state judicial remedy, Okla. Stat. tit. 57 § 564.1, is available only for deprivation of due process.[4] Mr. Valladares has not suggested a due process violation based on the timing of the hearing, regeneration of the old incident report, or exclusion of the Petitioner's proposed statement. Instead, Mr. Valladares has based his claim solely on a violation of departmental policies. The state judicial remedy is not available for violation of departmental policy, and the Court should deny the Respondent's motion to dismiss.

III. The Merits of the Habeas Claim: Failure to Carry Out Departmental Policy

A writ of habeas corpus is available only when a state official has violated the federal constitution, a federal statute, or a federal treaty. *See* 28 U.S.C. § 2241(c)(3). A departmental policy is none of these things. Thus, a violation of prison policy would not entitle Mr. Valladares to habeas relief.

---

[4] *See* Rule 15.1(B), Rules of the Oklahoma Court of Criminal Appeals ("Petitions for judicial review under Section 564.1 of Title 57 may be filed only in instances where a prison disciplinary action has resulted in a revocation of earned credits without due process . . . ."); *see also Robinson v. Jones*, Case No. CIV-09-598-C, slip op. at 4 (W.D. Okla. Aug. 31, 2009) (unpublished report and recommendation by magistrate judge) (stating that "[t]he due process review afforded by [Okla. Stat. tit. 57 § 564.1] mirrors the federal constitutional requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974)" (citation omitted)), *adopted* (W.D. Okla. Sept. 28, 2009) (unpublished order by district judge); *Terry v. Jones*, 2008 WL 4362399, Westlaw op. at 2 (W.D. Okla. June 26, 2008) (unpublished report and recommendation by magistrate judge) (stating that "[Okla. Stat. tit. 57] § 564.1 provides for judicial review of a prison disciplinary proceeding consistent with the due process requirements set forth by the United States Supreme Court in *Wolff v. McDonnell*"), *adopted*, 2008 WL 4362399, Westlaw op. at 1 (W.D. Okla. Sept. 17, 2008) (unpublished order by district judge), *appeal dismissed*, 327 Fed. Appx. 65 (10th Cir. May 1, 2009) (unpublished op.); *accord Hicks v. Jones*, 2009 WL 3233748, Westlaw op. at 2 (E.D. Okla. Sept. 30, 2009) (unpublished op.) (stating that "the procedure for judicial review of prison disciplinary hearing [under Okla. Stat. tit. 57 § 564.1] is consistent with the due process requirements of *Wolff*").

The Court must assess the habeas claim based on a two-part test: (1) whether a liberty interest is at stake;[5] and (2) if so, what process is "due" to Mr. Valladares.[6]

The first question is easily answered in the affirmative, as authorities took earned credits from Mr. Valladares and extended his incarceration as a result. *See* Petition, Exhibit C. As a result, a liberty interest is at stake.[7]

Because a liberty interest is at stake, Mr. Valladares is entitled to due process in his disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). But "[w]here a liberty . . . interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations." *Brown v. Rios*, 196 Fed. Appx. 681, 683 (10th Cir. Sept. 18, 2006) (unpublished op.) (citations omitted).

The required process is limited to five procedural guarantees. Three were expressly recognized by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974): (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary

---

[5] *See Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) ("Procedural due process is only available to plaintiffs that establish the existence of a recognized property or liberty interest." (citation omitted)).

[6] *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) (addressing "what process is due" an inmate in light of the establishment of a liberty interest).

[7] *See Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir. 1991) (stating that under "settled principle[s]," "an inmate's liberty interest in his earned good time credits cannot be denied" without the minimal safeguards under the Fourteenth Amendment's Due Process Clause).

action. A fourth constitutional entitlement, consideration by an impartial decision-maker, was implied in *Wolff*.[8] Finally, in *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985), the Supreme Court added a fifth constitutional guarantee, stating that a disciplinary conviction must be supported by the existence of at least "some evidence."

Mr. Valladares does not claim a failure to provide any of these guarantees. Instead, Mr. Valladares relies solely on departures from prison policy. The alleged departures would not have implicated any of the five constitutional entitlements for disciplinary proceedings. As a result, the alleged violations of prison policy would not violate the federal constitution, a federal statute, or a federal treaty. *See supra* p. 4. In the absence of a violation of federally guaranteed rights, the alleged violations of prison policy would not justify federal habeas relief.[9]

---

[8] *See Surprenant v. Rivas*, 424 F.3d 5, 16 (1st Cir. 2005) ("The *Wolff* Court . . . implied the obvious: that the essence of a fair hearing is an impartial decisionmaker." (citation omitted)); *see also White v. Indiana Parole Board*, 266 F.3d 759, 767 (7th Cir. 2001) ("*Wolff* holds that prisoners are entitled to impartial decisionmakers" (citations omitted)); *Woodson v. Lack*, 865 F.2d 107, 109 (6th Cir. 1989) (stating that *Wolff* required "a decision by an impartial tribunal" (citation omitted)); *cf. Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) ("in order to comport with due process, . . . the decisionmaker must be impartial" (citations omitted)).

[9] *See Harrison v. Williams*, 2009 WL 4016104, Westlaw op. at 1 (W.D. Okla. Nov. 18, 2009) (Russell, J.; unpublished op.) ("failure to adhere to the 7-day hearing requirement of prison policy does not amount to a constitutional violation because the prison policy neither creates a liberty interest nor defines the process due before a liberty interest can be impacted or deprived" (citation omitted)); *Henderson v. Workman*, 2006 WL 2545815, Westlaw op. at 4 (W.D. Okla. Aug. 31, 2006) (Thompson, J.; unpublished op.) (holding that a habeas petition failed to state a federal constitutional violation when the claim was based on failure to comply with "DOC regulations concerning the timing of disciplinary hearings").

The Petitioner relies solely on *Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996). In *Mitchell*, the court separately analyzed whether prison officials had violated an internal regulation which would have required an impartial decision-maker in disciplinary proceedings. *Mitchell v. Maynard*, 80 F.3d 1433, 1445-46 (10th Cir. 1996). Impartiality was material because *Wolff* had implied the necessity of a neutral decision-maker. *See supra* p. 6. This implication, in turn, suggested the importance of the regulation in *Mitchell* because it served as a safeguard for neutrality in the decision-making process.[10] In the present action, the relevant prison policies did not serve to safeguard any of the constitutional protections discussed in *Wolff* or *Hill*.[11]

In the absence of a due process violation, the Court should grant the Respondent's motion to dismiss.

IV. <u>Notice of the Right to Object</u>

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is January 18, 2010. *See* 28 U.S.C.

---

[10] *See Mitchell v. Maynard*, 80 F.3d at 1446 ("Our concern with this issue [compliance with prison policies and regulations] is whether [the hearing officer's] involvement [in the underlying incident] prevented [the inmate plaintiff] from a meaningful opportunity to be heard." (citation omitted)).

[11] *See Freeman v. Evans*, 2006 WL 3545031, Westlaw op. at 1, 5 n. 8 (W.D. Okla. Dec. 7, 2006) (unpublished op.) (stating that *"Mitchell* [*v. Maynard*] does not . . . stand for the proposition that a disciplinary hearing officer's failure to follow prison regulations *per se* violates the Due Process Clause").

7

636(b)(1); Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested ruling.[12]

V.  Status of the Referral

The referral is discharged.

Entered this 30th day of December, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").